IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00045-MR

| | |
|---|---|
| VANDA K. MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Commissioner's Motion for Summary Judgment [Doc. 12].

I. **BACKGROUND**

On September 15, 2014, Vanda Moore (the "Plaintiff") applied for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of August 2, 2014. [Transcript ("T.") at 226-44]. On the same date, the Plaintiff also applied for supplemental security income under Title XVI of the Act, again alleging an onset date of August 2, 2014. [Id.]. The Plaintiff's request was initially denied on December 12, 2014, and upon reconsideration on June 19, 2015. [Id. at 86-

186]. On the Plaintiff's request, a hearing was held on May 11, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 38-73]. On September 27, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of August 2, 2014. [Id. at 16-31]. On July 2, 2018, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 5-9]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

2

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from her alleged onset date, August 2, 2014. [T. at 22]. At step two, the ALJ found that the Plaintiff has the following severe impairments: dysfunction of a major joint, obesity, and schizophrenia. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 21-23]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she can frequently push or pull with the left upper extremity, never climb ladders, ropes, or scaffolds; occasionally

6

> climb ramps or stairs: frequently stoop, crouch, kneel, or crawl; frequently perform handling and fingering on the left side; have occasional exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour work day; and with only occasional interaction with the public and co-workers.

[Id. at 24-25].

At step four, the ALJ found that the Plaintiff is unable to perform any past relevant work. [Id. at 29]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including caretaker (Dictionary of Occupational Titles ("DOT") number 301.687-010), laundry worker (DOT number 361.684-014), and auto detailer (DOT number 915.687-034). [Id. at 30]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from August 2, 2014, the alleged onset date, through September 27, 2017, the date of the decision. [Id. at 30-31].

## V. DISCUSSION[1]

The Plaintiff asserts two assignments of error. First the Plaintiff argues that the ALJ "should have identified the Plaintiff's diabetes, hypertension, anxiety and depression as 'severe impairments.'" [Doc. 11 at 13]. Second, the Plaintiff argues that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the Plaintiff's mental health impairments" and the "opinions expressed by the vocational expert, all in violation of the regulations of the Defendant, as well as Mascio v. Colvin[,] 780 F.3d 632 (4th Cir. 2015) and the extensive case law subsequent to Mascio." [Doc. 11 at 14]. After asserting these two assignments of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Shipman v. Berryhill, No. 1:17-CV-00309-MR, 2019 WL 281313, at *4 (W.D.N.C. Jan. 22, 2019) (Reidinger, J.); Sneden v. Berryhill,

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

No. 1:17-CV-00030-MR, 2018 WL 1385790, at *3 (W.D.N.C. Mar. 19, 2018) (Reidinger, J.); Curry v. Berryhill, No. 1:16-CV-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018) (Reidinger, J.); Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into her sole assignment of error, the Court disregards those arguments.

## A. The ALJ's Assessment of the Plaintiff's Impairments.

Without providing any analysis, the Plaintiff argues that the ALJ erred by failing to identify "the Plaintiff's diabetes, hypertension, anxiety, and depression as 'severe impairments.'" [Doc. 11 at 13-14].

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight* abnormality which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original). The Plaintiff has the burden to demonstrate the severity of her impairments. Pass v. Charter, 65 F.3d 1200, 1203 (4th Cir. 1995).

The ALJ evaluated the Plaintiff's "diabetes, neuropathy, and hypertension" as disabling impairments but not as "severe impairments because they do not more than minimally restrict her ability to perform basic work activity" based on "[a] review of the objective medical evidence." [T. at 22]. Specifically, the ALJ found that "these impairments are treatable without significant complication or stable enough to be monitored." [Id.]. The ALJ's analysis incorporated the Plaintiff's own statements as well as the medical

evidence in the record. [Id.]. The Plaintiff does not identify any medical evidence that the ALJ should have included in the analysis.

Although the medical evidence reflects a diagnosis of diabetes, neuropathy, and hypertension, the record reflects that those impairments did not interfere with the Plaintiff's ability to work. As such, the ALJ properly evaluated those impairments as non-severe. Accordingly, the ALJ's decision not to include the Plaintiff's diabetes, neuropathy, and hypertension as severe impairments at step two is supported by substantial evidence in the record and remand is not required on that basis.

The Plaintiff further argues that the ALJ failed to evaluate her anxiety and depression as severe symptoms. The ALJ evaluated the Plaintiff's anxiety and depression alongside the Plaintiff's other mental impairments, including schizophrenia, and properly evaluated the limitations caused by those mental impairments. [Id. at 25-28].

Even if the ALJ did err by failing to find those impairments to be severe, it is of no moment. "'Where an ALJ has already determined that a plaintiff suffers from at least one severe impairment, any failure to categorize an additional impairment as severe generally cannot constitute reversible error.'" Powell v. Astrue, 927 F. Supp. 2d 267, 274-75 (W.D.N.C. 2013) (Reidinger, J.) (quoting Young v. Astrue, No. 1:09-CV-1008, 2013 WL

474787, at *10 (M.D.N.C. Feb. 7, 2013) (internal quotation and citations omitted)). Such was the case here, where the ALJ determined that the Plaintiff's dysfunction of a major joint, obesity, and schizophrenia were all severe impairments and continued with the sequential evaluation process. [T. at 22]. "Under such circumstances, any alleged improper application of law at step two caused Plaintiff no prejudice." Young, 2013 WL 474787 at *10 (citing Oldham v. Astrue, 509 F.3d 1254, 1256–57 (10th Cir. 2007)) (other citations omitted).

    **B.**   **Mascio Violation**

Although far from clear, the Plaintiff seems to argue next that the ALJ's "hypothetical questions to the vocational expert . . . do not comply with the standards established by the U.S. Court of Appeals in Mascio v. Colvin, 780 F.2d 632 (4th Cir. 2015) as well as the case law in this district interpreting that leading case." According to the Plaintiff's apparent argument, the ALJ violated Mascio by asking the vocational expert questions regarding a hypothetical individual "whose work is limited to simple, routine[,] and repetitive tasks." [Doc. 11 at 15].

In questioning a vocational expert, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of

record regarding the claimant's impairment. See Johnson, 434 F.3d at 659; English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the vocational expert:

> If you will assume a hypothetical individual who is able to lift up to 50 lbs. occasionally, lift and carry up to 25 lbs. frequently in medium work as defined by the regulations, who is limited to frequent left, push pull; who is limited to frequent left handling, as well as frequent left fingering; whose work is limited to simple, routine and repetitive tasks; perform [sic] in a work environment free of fast-paced reduction [sic] requirements involving only simple work-related decisions, and with few, if any, workplace changes; who is capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting. The individual can perform simple tasks for two-hour blocks of time with normal rest breaks during an 8-hour work day who has only occasional interaction with the public, and only occasional interaction with co-workers.

[T. at 65-66]. The ALJ then asked "if you would please assume a person of claimant's age, education, work experience and skill set who has these limitations, would there be jobs available?" [Id. at 66]. The vocational expert responded in the affirmative, indicating that the following jobs would be available: caretaker; laundry worker; and auto detailer. [Id. at 66-67].

The hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The vocational expert in turn

13

responded that there were still jobs in substantial numbers both in the regional and national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record but that was not addressed in the RFC. Further, the Plaintiff does not contend that the VE's testimony in response to the ALJ's hypothetical was in any way erroneous. For these reasons, the Court concludes that the ALJ did not err in his questioning of the vocational expert.

The Plaintiff's argument based on Mascio is completely off the mark. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.2d at 638 (citation and internal quotation marks omitted). Here, however, the ALJ's findings did not simply limit the Plaintiff to "simple, routine[,] and repetitive tasks," but also to "simple vocational tasks" involving "only simple, work-related decisions" that can be performed "at an adequate pace with persistence" while "in a work environment free of fast-paced production requirements." [T. at 24-25]. In so finding, the ALJ sufficiently

explained his determinations, which are supported by substantial evidence in the record. [Id.]. As such, Mascio is simply not applicable to this case.[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**, and that the Commissioner's Motion for Summary Judgment [Doc. 12] is **GRANTED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **AFFIRMED** and the case is hereby **DIUSMISSED**. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 9, 2019

Martin Reidinger
United States District Judge

---

[2] To the extent Plaintiff's argument could be construed as an argument that the ALJ did not perform a "function-by-function" assessment, [Doc. 11 at 16], the relevant holding in Mascio is that remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636. The Plaintiff does not specify any relevant or contested functions that the ALJ failed to address. In any event, the ALJ properly addressed the Plaintiff's mental and physical work-related limitations stemming from her impairments, as shown through the ALJ's lengthy narrative discussion of the relevant evidence. [T. at 24-29]. Because the Plaintiff has failed to show that the ALJ failed to address a relevant or contested function despite contradictory evidence in the record, the ALJ's assessment of the Plaintiff's limitations will be affirmed.